## T. W. ENGLISH v. C. B. MILTENBERGER ET AL.

1. STATUTE CONSTRUED—ACCOUNT SWORN TO.—Giving to the words of the "Act to regulate the collection of accounts," of April 2, 1874, their literal and ordinary meaning, the effect of the statute is to make the sworn account evidence sufficient to establish it *prima facie*, and that only when the party sought to be charged fails to deny under oath the justice of such account.

2. SAME.—The statute uses no terms sufficient to preclude the defendant from rebutting the *prima-facie* case so made by competent evidence.

3. SAME.—The statute regulates the burden of proof, but does not undertake to otherwise change the rules of evidence or pleading.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

Miltenberger & Co. brought suit on the 11th of May, 1876, against English, upon an account duly sworn to, under act of the Legislature of April 2, 1874, for advances, commissions, &c., claimed by them as agents of defendant in purchasing, shipping, &c., certain coal at New Orleans.

Defendant denied the alleged agency and the justness of those items of account dependent thereupon, and also pleaded in reconvention that he had bought said coal from plaintiffs and had paid them the whole price charged for it, without seeing it or having it examined by his agents, but relying exclusively upon plaintiffs' representations that it was of the best class and quality, and upon their promise to ship and deliver to him coal of the character represented; that they had imposed upon and deceived him; that when delivered much of the coal turned out to be of bad quality, damaged, not merchantable, and of much less value than he had paid for it; and he claimed in reconvention the difference between the price he had paid and the actual value of the coal delivered.

Verdict and judgment were rendered for plaintiffs for the

whole amount sued for. A motion for a new trial having been overruled, the defendant appealed.

Upon the trial in the court below, after the plaintiffs had put in evidence, in addition to the account sued on, the testimony of a number of witnesses to prove all and each of the averments of the petition and amended petition and to disprove the averments of defendant's amended answer, the defendant put in evidence the testimony of A. P. Lufkin, W. B. Sorley, and John E. Owens, to prove, among other things, that certain coals examined by them in defendant's coal yard was of inferior quality, in damaged condition, of little value, and unmerchantable. Defendant then testified that a certain document then shown to him was a bill or invoice for part of the coal referred to in the account sued on; that he had received such bill or invoice from plaintiffs in the usual course of business, and that the coal to which it relates is the same coal as to the condition and value of a part of which the witnesses Lufkin, Sorley, and Owens had testified on this trial. The defendant then offered the said bill or invoice in evidence; to which the plaintiffs objected, upon the ground that the same was so offered to contest and disprove the correctness and justice of the account sued on in said cause, and that as said account had been duly sworn to by the plaintiffs, and no affidavit denying the justice thereof had been filed by the defendant, the latter could introduce no evidence to contest or disprove the correctness and justice of said account. The court sustained said objection, and would not allow said bill or invoice to be given in evidence by the defendant; and ruled that as said account had been duly sworn to by plaintiffs, and no affidavit had been filed by defendant denying the justice thereof, no evidence on behalf of the defendant could be given to the jury to contest or disprove the correctness and justice of said account, and would not allow defendant, after said objection had been made, to introduce any evidence to contest or disprove the correctness and justice of said account.

*George Mason*, for appellant.—The court below erred in refusing to allow defendant, upon objection being made by plaintiffs, to put in evidence the bill or invoice for coal received by defendant from plaintiffs, offered for the purpose of contesting and disproving certain items in the account sued on, and in refusing to allow defendant to introduce any evidence to contest or disprove said account or any item thereof. (Act to regulate the collection of accounts, approved April 2, 1874, Acts 14th Leg., p. 52; Johnson *v.* Anderson, 2 Tex. Law Jour., 276.)

*Harcourt & Spencer*, for appellees.

BONNER, ASSOCIATE JUSTICE.—The decisive question in this case is presented by the appellant in the first proposition under the second assignment of error, as follows: "The court below erred in refusing to allow defendant, upon objection being made by plaintiffs, to put in evidence a certain bill or invoice for coal received by defendant from plaintiffs, offered for the purpose of contesting and disproving certain items in the account sued on, and in refusing to allow defendant to introduce any evidence to contest or disprove said account or any item thereof, upon the ground that said account having been duly sworn to by plaintiffs, and no affidavit having been filed by defendant denying the justice thereof, the defendant could introduce no evidence to contest or disprove the same or any part thereof."

This involves the construction of the act of the fourteenth Legislature, 52, entitled "An act to regulate the collection of accounts," which reads as follows:

"That an account on which suit has been or hereafter may be brought in any of the courts of this State, supported by the affidavit of the plaintiff, his agent or attorney, that the account is just and correct, taken before a judge or clerk of a court of record having a seal, or before a notary public, shall be *prima-facie* evidence against the party sought to be

charged; provided, however, that the party thus sought to
be charged shall have the right to rebut such *prima-facie* evi-
dence by denying under oath the justice of such account, or
any part thereof, setting forth in his affidavit the items and
particulars which are unjust, which affidavit shall be filed in
the due order of pleadings as is required in filing a plea of
*non est factum.*"

At common law, the execution of a written instrument de-
clared on by the plaintiff and alleged to have been executed
by the defendant, was required to be proven before it could
be offered in testimony, and, by a familiar rule of evidence,
this proof had to be made by the subscribing witnesses, if
any.

To prevent the delay and expense incident to this mode of
procedure, the act of May 13, 1846, sec. 86, (Paschal's Dig.,
art. 1443,) provides:

"When any petition, answer, or other pleading shall be
founded, in whole or in part, on any instrument or note in
writing, charged to have been executed by the other party
or by his authority, and not alleged therein to be lost or de-
stroyed, such instrument or note in writing shall be received
as evidence, without the necessity of proving its execution,
unless the party by whom or by whose authority such instru-
ment or note in writing is charged to have been executed,
shall file his affidavit in writing denying the execution there-
of."

This statute, however, did not reach open accounts, which
still had to be proven as at common law. The expense of
witnesses for this purpose greatly increased the cost of litiga-
tion. To remedy this, the Legislature passed the subsequent
act, under consideration, and which was intended to give to
sworn accounts the same *prima-facie* standing in the courts as
had been previously given to instruments charged to have
been executed by the other party, to the extent of dispensing
with further proof of their correctness, unless the same, or
some items thereof, were denied, also under oath, in the nat-

ure of a plea of *non est factum.* As to the whole or so much of the account as may have been thus denied, the practice would remain as it "aforetime was."

The statute regulates the practice as to the evidence and also as to the pleading in such cases in those courts where written pleadings are necessary, and virtually requires that the parties should join in a sworn issue, when the account is intended to be contested in whole or in part. This is the practice which has prevailed in at least some of the districts in the State, and which is intimated as being proper by the Court of Appeals in Johnson *v.* Anderson, 2 Tex. Law Jour., 276.

To construe the statute otherwise would frequently prejudice the rights of the plaintiff, who, without notice by sworn answer that his claim would be contested, might, without his witnesses being in attendance, confidently announce ready for trial, and then have his own oath overcome by the testimony of witnesses for the defendant, without the opportunity of supporting testimony; or else, to guard against this, he would have to keep his own witnesses in attendance; and thus the beneficial objects of the statute would be defeated.

This rule would not apply to a separate and independent defense not going to the "justice" of the account sued on, relied upon to defeat the plaintiff's cause of action.

The plea in reconvention in this case did not set up such defense.

There being no error in the judgment below, the same is affirmed.

AFFIRMED.

Opinion March 14, 1879.

March 25, motion for rehearing filed.

*George Mason,* for motion.

*John T. Harcourt,* resisting.

Opinion on rehearing, March 28, 1879.

GOULD, ASSOCIATE JUSTICE.—Giving to the words of the "Act to regulate the collection of accounts," of April 2, 1874, their literal and ordinary meaning, the effect of the statute is merely to make the sworn account evidence sufficient to establish it *prima facie*, and that only when the party sought to be charged fails to deny under oath the justice of such account. The final clause attempts to prescribe when this last affidavit must be filed, but does not otherwise affect the meaning or construction of the statute. *Prima facie*, the sworn account of the plaintiff, not denied under oath, is sufficiently established; but the statute uses no terms sufficient to preclude the defendant from rebutting this *prima-facie* case by competent evidence, although he may not have denied the account under oath. This, previous to the statute, the defendant had an undoubted right to do, and that right should not be denied him, unless authority for the change is to be found in the law. The statute regulates the burden of proof, but does not, we think, undertake to otherwise change the rules of evidence or pleading. If further changes in the law are desirable for the protection of parties suing on accounts, or to accomplish some beneficial result, it is the province of the Legislature to make them.

The statute is comparatively recent, and we have no information justifying the conclusion that the general construction given it in the District Courts of the State has been that the defendant cannot disprove the plaintiff's account, duly sworn to, unless he denies it under oath.

That question was not before the Court of Appeals in the case of Johnson v. Anderson, 2 Tex. Law Jour., 276, nor are any views expressed thereon in the opinion in this case. So far as we are advised, the question is one to be decided by us according to our views of the construction of the statute. Thus regarding it, the majority of the court is of opinion that the motion for rehearing be sustained, and that, the court

below having erred in excluding evidence offered by defendant to disprove the account of plaintiffs, the judgment be reversed and the cause remanded. It is so ordered.

REVERSED AND REMANDED.

Justice BONNER dissented, and adhered to the original opinion.